UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CPC PATENT TECHNOLOGIES PTY LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 6:21-cv-00165 <br><br> **ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff CPC Patent Technologies Pty Ltd. ("CPC" or "Plaintiff") files this complaint for patent infringement against Apple Inc. ("Apple" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including specifically 35 U.S.C. § 271, based on Apple's infringement of U.S. Patent Nos. 9,269,208 ("the '208 Patent") and 9,665,705 ("the '705 Patent") (collectively, "the Secure Access Patents"), which have an application priority date of 2003, and 8,620,039 ("the '039 Patent"), which has an application priority date of 2005.  The '208 Patent, the '705 Patent, and the '039 Patent are referred to collectively herein as "the Patents-in-Suit".

2. The products accused of infringing the '208 Patent and the '705 Patent include iPhones and iPads equipped with Touch or Face ID ("the Secure Access Accused Products").  The products accused of infringing the '039 Patent include the Secure Access Accused Products equipped with Apple Card loaded into the iPhone Wallet ("the Secure Pay Accused Products").

-1-

The Secure Access Accused Products and the Secure Pay Accused Products are referred to collectively herein as "the Accused Products."

## THE PARTIES

3. CPC is an Australian corporation having its principal place of business located at Level 1, 18 Tedder Avenue, Main Beach, Queensland 4217, Australia.

4. CPC is an investment company focused on biometric technology including mobile device security, credit card security, and mobile payments. In 2019, CPC acquired a patent portfolio, including the '039 Patent, '208 Patent, and '705 Patent from biometric technology pioneer Securicom (NSW) Pty Ltd ("Securicom") from the liquidator of Securicom and inventor Christopher Burke.

5. Apple is a California corporation having a principal place of business located at One Apple Park Way Cupertino, California 95014 and regular and established places of business at 12535 Riata Vista Circle, Austin, Texas and 5501 West Parmer Lane, Austin, Texas.

6. Apple currently employs thousands of people in Austin, Texas.

7. Apple is in the process of building a new 15,000-employee campus in Austin, Texas.

8. Apple presently operates retail establishments at Barton Creek Square, Austin, Texas and at Apple Domain Northside, Austin, Texas, where the Accused Products are sold.

9. Apple is registered to do business in the state of Texas and lists CT Corp. System, located at 1999 Bryan St., Suite 900, Dallas, Texas 75201 as its registered agent in the State of Texas.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims herein arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

11. This Court has specific personal jurisdiction over Apple because Apple has committed acts of infringement within the State of Texas and within this District through, for example, the manufacture, advertising, offer for sale, and sale of the Accused Products in this Judicial District.

12. This Court has general personal jurisdiction over Apple, which regularly transacts business in the State of Texas and this Judicial District, which includes having offices and stores in this Judicial District, having established partnerships with other entities in this Judicial District for the sale of various products, including the Accused Products, and having a registered agent for service in Texas.

13. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 1391(b), (c), and l400(b).  Apple has regular and established places of business in this District, including at 12535 Riata Vista Circle and 5501 West Parmer Lane, Austin, Texas.  Apple has committed acts within this Judicial District including manufacturing and selling the Accused Products.

**SECURICOM'S INNOVATION OF BIOMETRIC SECURITY TECHNOLOGY**

14. The inventions of the Secure Access Patents provide for enrollment in a biometric security system where the user's biometric data is stored securely.  Once the user's biometric data is secure in an electronic device (e.g., a smartphone), the biometric data can be used to unlock the electronic device.

15. The invention claimed in the '039 Patent is directed to improved smart card device security provided using biometric data.

16. On September 17, 2019, the United States Patent and Trademark Office recorded an assignment of patent rights of certain patents (including the Patents-in-Suit) to CPC Patent Technologies Pty Ltd. ("CPC"). CPC is a wholly-owned subsidiary of Charter Pacific. (*See* https://www.charpac.com.au/further-clarification/.)

### APPLE'S FORAY INTO THE BIOMETRIC SECURITY TECHNOLOGY

17. In 2013, a decade after the priority application date for the Secure Access Patents, Apple introduced the Touch ID security feature with the iPhone, which is a biometric fingerprint recognition system used for, e.g., device access and payments. In 2017, Apple introduced Face ID in, e.g., the Accused Products as a security feature alternative to Touch ID.

18. On March 25, 2019, Apple introduced the Apple Card built into the iPhone Wallet application with a range of security and privacy features, including integration of Touch ID and Face ID biometrics. (*See* https://www.apple.com/newsroom/2019/03/introducing-apple-card-a-new-kind-of-credit-card-created-by-apple/.)

### THE PATENTS-IN-SUIT

19. On December 31, 2013, the '039 Patent, entitled "Card Device Security using Biometrics," was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the '039 Patent is attached hereto as Exhibit A.

20. On February 23, 2016, the '208 Patent, entitled "Remote Entry System," was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the '208 Patent is attached hereto as Exhibit B.

21. On May 30, 2017, the '705 Patent, entitled "Remote Entry System," was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the '705 Patent is attached hereto as Exhibit C.

### APPLE'S KNOWLEDGE OF THE PATENTS-IN-SUIT

22. On March 19, 2020, CPC provided Apple specific notice of infringement regarding the '705 Patent and the '039 Patent. (*See* Exhibit D.)

23. By letter of May 14, 2020, counsel for Apple indicated Apple's awareness of the '208 Patent. (*See* Exhibit E.)

24. Apple has not taken a license to the Patents-in-Suit.

### FIRST CAUSE OF ACTION

**(Infringement of the '208 Patent)**

25. CPC incorporates by reference and realleges the allegations of Paragraphs 1 through 24.

26. CPC owns all substantial rights, interest, and title in and to the '208 Patent, including the sole and exclusive right to prosecute this action and enforce the '208 Patent against infringers, and to collect damages for all relevant times.

27. Claim charts showing how representative Accused Products directly infringes representative claim 10 of the '208 Patent are attached hereto as Exhibits F and G.

28. With knowledge of the '208 Patent, Apple has induced its customers to infringe at least claim 10 of that patent by instructing such customers regarding the registration for, and use of, the Touch ID and Face ID functions of the Accused Products.

29. CPC has been damaged by Apple's infringement of the '208 Patent.

30. CPC has complied with 35 U.S.C. § 287 with respect to the '208 Patent.

## SECOND CAUSE OF ACTION

**(Infringement of the '705 Patent)**

31. CPC incorporates by reference and realleges the allegations of Paragraphs 1 through 30.

32. CPC owns all substantial rights, interest, and title in and to the '705 Patent, including the sole and exclusive right to prosecute this action and enforce the '705 Patent against infringers, and to collect damages for all relevant times.

33. Claim charts showing how representative Accused Products directly infringes representative claim 1 of the '705 Patent are attached hereto as Exhibits H and I.

34. With knowledge of the '705 Patent, Apple has induced its customers to infringe at least claim 1 of that patent by instructing such customers regarding the registration for, and use of, the Touch ID and Face ID functions of the Accused Products that resulted in the direct infringement of at least that claim.

35. CPC has been damaged by Apple's infringement of the '705 Patent.

36. CPC has complied with 35 U.S.C. § 287 with respect to the '705 Patent.

## THIRD CAUSE OF ACTION

**(Infringement of the '039 Patent)**

37. CPC incorporates by reference and realleges the allegations of Paragraphs 1 through 36.

38. CPC owns all substantial rights, interest, and title in and to the '039 Patent, including the sole and exclusive right to prosecute this action and enforce the '039 Patent against infringers, and to collect damages for all relevant times.

39.     A claim chart showing how a representative Accused Product directly infringes representative claim 13 of the '039 Patent is attached hereto as Exhibit J.

40.     With knowledge of the '039 Patent, Apple has induced its customers to infringe at least claim 13 of that patent by instructing such customers regarding the registration for, and use of, the Touch ID and Face ID functions to access Apple Card in the Accused Products that resulted in the direct infringement of at least that claim.

41.     CPC has been damaged by Apple's infringement of the '039 Patent.

42.     CPC has complied with 35 U.S.C. § 287 with respect to the '039 Patent.

## JURY DEMAND

CPC hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, CPC requests that:

A.     The Court find that Apple has directly infringed the Patents-in-Suit and hold Apple liable for such infringement;

B.     The Court find that Apple has indirectly infringed the Patents-in-Suit by inducing its customers to directly infringe the Patents-in-Suit and hold Apple liable for such infringement;

C.     The Court award damages pursuant to 35 U.S.C. § 284 adequate to compensate CPC for Apple's past infringement of the Patents-in-Suit, including both pre- and post-judgment interest and costs as fixed by the Court;

D.     The Court enter an injunction preventing further infringement by Apple; and

E.     The Court award such other relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: February 23, 2020 | Respectfully submitted, |
| | /s/ *Stewart Mesher* |
| | Stewart Mesher |
| | Texas State Bar No. 24032738 |
| | **K&L GATES LLP** |
| | 2801 Via Fortuna, Suite #350 |
| | Austin, TX 78746 |
| | Tel.: (512) 482-6841 |
| | Fax: (512) 482-6859 |
| | Stewart.Mesher@klgates.com |
| | |
| | Elizabeth A. Gilman |
| | Texas State Bar No. 24069265 |
| | **K&L GATES LLP** |
| | 1000 Main Street, Suite #2550 |
| | Houston, Texas 77002 |
| | Tel.: (713) 815-7327 |
| | Fax: (713) 815-7301 |
| | Beth.Gilman@klgates.com |
| | |
| | James A. Shimota |
| | (*pro hac vice* to be filed) |
| | Illinois State Bar No. 6270603 |
| | George C. Summerfield |
| | (*pro hac vice* to be filed) |
| | Michigan State Bar No. P40644 |
| | Dhohyung Kim |
| | (*pro hac vice* to be filed) |
| | Illinois State Bar No. 6336174 |
| | **K&L GATES LLP** |
| | 70 W. Madison Street, Suite #3300 |
| | Chicago, IL 60602 |
| | Tel.: (312) 807-4299 |
| | Fax: (312) 827-8000 |
| | Jim.Shimota@klgates.com |
| | George.Summerfield@klgates.com |
| | DK.Kim@klgates.com |
| | |
| | **ATTORNEYS FOR CPC PATENT TECHNOLOGIES PTY LTD.** |