UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CPC PATENT TECHNOLOGIES PTY LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 6:21-cv-00165-ADA <br><br> **JURY TRIAL DEMANDED** |

**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(6)**

I. INTRODUCTION

CPC's opposition reinforces the grounds of Apple's motion to dismiss. Apple's motion set forth how CPC failed to plead facts supporting key limitations. Instead of showing that it pled sufficient factual support, CPC turns to convoluted claim construction arguments that do not address its pleading deficiencies. Even considering its proposed claim constructions, CPC's complaint lacks factual allegations that plausibly suggest the identified claim limitations are met by Apple's accused products. On indirect infringement and past damages, CPC's boilerplate, one-sentence allegations remain deficient. Such allegations do not satisfy the *Iqbal/Twombly* standard as recognized by this Court and others.

CPC seeks to cover these deficiencies by claiming Apple is using "litigation by intimidation," referencing a letter Apple sent to CPC setting forth the deficiencies in its complaint. This letter has no direct bearing on any issue raised in Apple's motion, but is nevertheless entirely appropriate under the circumstances given the clear deficiencies in CPC's pleadings. Apple takes the requirements of Rule 11 and this Court's admonition with respect to such motions seriously, and this letter is consistent with the careful approach the rules and this Court require. Neither CPC's substantive arguments, nor its reference to Apple's letter, fix CPC's problems with its complaint. CPC's claims should be dismissed because they fail to provide fair notice of the factual basis for its infringement allegations to Apple.

II. CPC DOES NOT ADEQUATELY PLEAD DIRECT INFRINGEMENT

CPC fails to allege any facts supporting infringement of at least two claim limitations of the asserted patents. To avoid the holes in its direct infringement pleading, CPC claims (1) that motions to dismiss on infringement are *de facto* inappropriate, and (2) that the claims, properly construed, preclude Apple's motion. Both arguments are wrong.

### A.   Motions to Dismiss Based on Inadequate Infringement Contentions Are Appropriate

When a complaint is completely silent on a claim element, no infringement assessment is necessary, and dismissal is proper.  *See, e.g., Gabriel De La Vega v. Microsoft Corp.,* No. 6:19-cv-00612-ADA, 2020 WL 3528411, at *5 (W.D. Tex. Feb. 11, 2020) ("Because the Original Complaints were completely silent how Microsoft and Google could have directly infringed claim 1 during testing, they did not even rise to the level of containing 'labels and conclusions, and a formulaic recitation of the elements of a cause of action' that are insufficient under *Twombly*.") (granting motion to dismiss).  CPC cites to a Northern District of California case for the proposition that the Court would be required to assess a disputed question of infringement to adjudge Apple's motion to dismiss, CPC Opp. at 3, but that case dealt with a dispute over asserted facts, unlike here. *See Regents of University of Michigan v. Leica Microsystems Inc.*, 19-CV-07470-LHK, 2020 WL 2084891 (N.D. Cal. April 30, 2020) at *6-7 (denying motion to dismiss based on disputed claim construction facts and evidence).  No infringement analysis is needed because Apple's motion turns on the fact that CPC's complaint is completely silent on critical claim elements for each of the patents-in-suit.

CPC's claim construction arguments do not change this simple analysis.  The claims say what they say, and CPC failed to make any allegation that the challenged limitations are met by Apple's products.

### B.   CPC's '039 Patent Infringement Allegations Remain Deficient

For the '039 Patent, CPC fails to identify any allegation in its complaint that Apple's accused products meet the "means for defining, dependent upon the received card information, a memory location in a local memory external to the card" claim limitation.  The express language of the claims require that this means that the memory location used to store the biometric data

2

depends on received card information. Apple Mot. at 11-12. CPC posits various claim constructions and refers to new, uncited excerpts from a referenced Apple patent. CPC Opp. at 3-8. Neither the claim constructions, nor the new cites, fix CPC's pleading deficiency.

Contrary to CPC's argument (CPC Opp. at 4), the phrase "dependent upon" does not require construction, at least not one that would delay ruling here. Apple's challenge is based on the express language of the claim, not a nuanced or narrow reading of it. The phrase "dependent upon" is not highly technical. Instead, "dependent upon" has an ordinary meaning and is readily understandable. No construction can change what is clear from the language of the claim, which at the very least connotes a causal connection between the "received card data" and where the biometric information is stored. As CPC recognizes, "[t]he words of a claim are generally given their ordinary and customary meaning as understood by a person of ordinary skill in the art in question at the time of the invention." *Kara Tech. Inc. v. Stamps.com Inc.*, 582 F.3d 1341, 1345 (Fed. Cir. 2009) (citation omitted); CPC Opp. at 4. Apple's motion should be granted.

Nevertheless, CPC does not propose a construction that meaningfully changes the scope of the claim (for purposes of this motion) or excuses its failure to cite factual allegations supporting this claim.[1] CPC twists itself into a knot trying to propose a construction that excuses its failure to allege facts for this limitation but is ultimately unable to get away from the express language of the claim. In doing so, CPC proposes two different constructions, and an implausible application unsupported by its allegations or evidence, shown below.

---

[1] CPC discusses the citations to the '039 Patent specification raised by Apple, but Apple does not stand on those citations alone. Rather, those are provided as exemplary support for the requirement clear from the express language of the claim.

| '039 Claim Limitation[2] | CPC's First Construction (at 5)[3] | CPC's Second Construction (at 5-6) | CPC's Application (at 7) |
|---|---|---|---|
| "means for defining, **dependent upon** the received card information, a memory location in a local memory external to the card" | "means for defining, **contingent on or determined by,** the received card information, a memory location in a local memory external to the card" | "means for defining a memory location in a local memory external to a credit card **at least contingent upon** information received about such credit card" | "the memory location is **contingent upon this ability** to send this dynamic security code, which, in turn, is contingent upon the enrollment of an Apple Card" |

The first two constructions do not help CPC's argument. Each replaces the phrase "dependent upon" with "contingent on," and "contingent on" is not meaningfully different from dependent upon, at least for purposes of this motion, as each connote a causal relationship between the card and storage of the biometric data. Nothing in CPC's complaint alleges or suggests that Apple stores biometric data "contingent on" the received card information.

Recognizing that these constructions are alone insufficient, CPC cites to new evidence, some of which is not of record, and draws a conclusion unsupported by any evidence. First, CPC cites to new, previously uncited paragraphs[4] in Apple's '687 patent application, cited in the complaint. *See* CPC Opp. at 6-7 (citing to paragraphs [0086], [0038], and [0089]). Nothing in these new citations relates to storing biometric data based on information from Apple Card, and CPC does not cite to any of these passages for such support. CPC also cites to Apple's website (CPC Opp. at 7), and its disclosure of a "dynamic security code" used with Touch ID to authorize

---

[2] All emphases are added unless otherwise noted.
[3] It is worth noting that CPC uses lexico.com for its definition of "dependent" for the '039 Patent (CPC Opp. at 4), but uses thefreedictionary.com for its definitions of "determining" and "characterize" for the '208 Patent and '705 Patent, respectively (CPC Opp. at 8, 9). Conveniently, thefreedictionary.com's definition of "dependent" is missing the critical "contingent on" language that is the lynchpin of CPC's '039 Patent argument.
[4] CPC's reference to new paragraphs implicitly concedes that its claim charts attached to its complaint are deficient.

purchases using Apple Card.  CPC offers what can only be viewed as a cryptic analysis of these new citations with its constructions:

> In short, where an accused device is equipped with Apple Card, the fingerprint data underlying Touch ID must be stored in a memory location in the secure enclave allowing the transmission of a dynamic security code authorizing Apple Card purchases, *i.e.*, ***the memory location is contingent upon this ability to send this dynamic security code, which, in turn, is contingent upon the enrollment of an Apple Card.***

*Id*.  This analysis does not fix CPC's pleading problem.  According to CPC, the memory location is contingent upon an "ability" to send a dynamic security code, which is itself contingent on the "enrollment" of an Apple card.  That is, the Touch ID fingerprint data (*i.e.*, the biometric data) is stored in the secure enclave processor ***so that it may send*** a dynamic security code required by the Apple Card.  Even under this view, the memory location would be determined merely by the fact of enrollment, not by card information, as required by the claim.  In any event, nothing in the evidence cited by CPC supports this causal connection or CPC's conclusion.  Rather, it is undisputed that the opposite is true—that Apple always stores all of its Touch ID fingerprint data in the secure enclave processor, ***independent and regardless*** of whether an Apple Card is enrolled.  Dismissal of the '039 claim of infringement is appropriate.

    **C.**    **CPC's Allegations For The '208 and '705 Patents Remain Deficient**

CPC argues that claim construction precludes dismissal of its '208 and '705 claims.  CPC's pleadings fail to allege any facts that support either construction.  Nothing in CPC's allegations suggest the Accused devices determine number *or* duration of biometric entries.

        1.    **CPC's Allegations Remain Deficient**

For the '208 and '705 Patents, CPC fails to identify any factual allegation that suggests that Apple's accused products meet the "at least one of the number of said entries and a duration of each said entry" claim limitations in each patent.  As with the '039 patent, CPC seeks to hide

5

behind a claim construction dispute that does not fix its pleading deficiency.  Both asserted claims of the '208 and '705 Patents are directed to essentially the same subject matter relating to a specific way of enrolling a user in a biometric database, *e.g.*, receiving and storing fingerprint data of a user.  The key limitations of the two asserted claims are contained below, and each contained the identical language italicized:

> ['208] determining *at least one of the number of said entries and a duration of each said entry*;
> ['705] said series being characterised according to *at least one of the number of said entries and a duration of each said entry*;

As shown in Apple's motion, this claim language requires that the biometric signatures stored in the database include "at least one of" the number of entries and "at least one of" the duration of each entry.  Apple Mot. at 13-14.  CPC concedes that the specification describes "an enrollment process, wherein an ordinary user's fingerprint data is enrolled via a certain number of finger presses of a specified duration."  CPC Opp. at 9.  Using this language, the claims require one of the number of presses **and** one of the duration of the fingerprint to be stored in the database.  The Federal Circuit's opinion in *SuperGuide Corp. v. DirecTV Enterprises, Inc.* controls here, as it states that the plain reading of the term "at least one of" includes at least one item of each of the categories that follow, in this case, number of entries and duration.  *See SuperGuide Corp. v. DirecTV Enterprises, Inc.*, 358 F.3d 870, 886 (Fed. Cir. 2004) ("The phrase 'at least one of' precedes a series of categories of criteria, and the patentee used the term 'and' to separate the categories of criteria, which connotes a conjunctive list. ... Therefore, the district court correctly interpreted this phrase as requiring that the user select at least one value for each category.").  CPC does not dispute that it does not offer any evidence that suggests this reading of the claim is met, and thus Apple's motion should be granted as to the '208 and '705 patents.

CPC argues that the phrases must be construed to mean "either or both of the number of said entries and a duration of each said entry." CPC Opp. at 10. CPC points to the specification to argue that it discloses using one of the number of entries or duration. *Id.* at 9. Though the specification discloses an either/or approach, the asserted claims are not written that way. The specification states:

> The first administrator can provide control information to the code entry module by providing a succession of finger presses to the biometric sensor 121, providing that these successive presses are of the appropriate duration, the appropriate quantity, and are input within a predetermined time. ***In one arrangement***, the control information is encoded by either or both (a) the number of finger presses and (b) the relative duration of the finger presses.

'208 Patent at 10:45-52; '705 Patent at 10:56-63. The specification is less helpful than CPC thinks, as it refers to "one arrangement" that allows for using "either or both" the number of finger presses or duration. It's unclear how one arrangement could allow two different, mutually exclusive options, but the claim is clear and does not use this ambiguous language, nor the "either/or" construction. Instead, it was written to capture the embodiment wherein "both" attributes are required. *SuperGuide,* 358 F.3d at 886.

### 2. CPC's Allegations Are Insufficient Under its Own Construction

CPC says the claim requires "either or both of the number of said entries and a duration of each said entry" (CPC Opp. at 10), but its pleading fails to allege facts to suggest that this broader construction is met.[5] Notably, CPC does not argue that duration of the finger press is measured by the accused devices, and rests its argument entirely on the "number of biometric entries" attribute instead. In doing so CPC misapprehends and ignores important requirements of the claim

---

[5] CPC purports to quote excerpts from Apple documents in its opposition that "show[] how the subject limitations are satisfied," CPC Opp. at 10, but these quotes are CPC's own conclusory allegations, not language from any Apple document, and thus not facts or factual allegations suggesting its assertions are plausible.

language. Under CPC's view, the claim requires, at a minimum, "determining. . . the number of said entries." CPC argues that the evidence shows that the accused devices "determine (establish) a number of biometric data entries in a series sufficient for such enrollment, with such number characterizing (describing the quality of) said series for enrollment purposes." CPC Opp. at 11. Nowhere in any of the evidence cited by CPC does anything suggest that Apple "determines the number of said entries." CPC's evidence shows that the enrollment process for Touch ID involves *capturing* multiple fingerprint images, but nothing suggests that the accused devices use the number (i.e., count) of presses for enrollment.

Finally, CPC argues that "such number characterize[es] (describe[es] the quality of) said series for enrollment purposes." CPC Opp. at 11. CPC seems to argue that the number of presses "describes the quality of" the presses. This is incorrect, as the claim is directed to using the number of times the finger is pressed, not an image quality resulting from multiple presses. It is also unsupported by any evidence in CPC's complaint. The Court is not obligated to accept conclusory allegations at this stage and should reject this facially incorrect rewrite of the claim. *See Carlton v. Freer Inv. Grp., Ltd.*, No. 5:15-cv-00946-DAE, 2017 WL 11046201, at *8 (W.D. Tex. Aug. 8, 2017); *see also Fisher-Rosemount Sys., Inc.,* No. 13-CA-00587-SS, 2015 WL 1275910, at *6 (W.D. Tex. Mar. 19, 2015) ("…but rewriting claim language is beyond this Court's task.") (citing *Allen Eng'g Corp. v. Bartell Indus., Inc.,* 299 F.3d 1336, 1349 (Fed. Cir. 2002)). CPC's claims as to the infringement of the '207 and '708 patents should be dismissed.

### III. CPC DOES NOT ADEQUATELY PLEAD INDIRECT INFRINGEMENT

For each asserted patent, CPC offers a single conclusory sentence to plead its entire indirect infringement cause of action (*see* D.I. 1 at ¶¶ 28, 34, 40), and argues that no other allegations or factual support are needed. *See* CPC Opp. at 12. CPC is wrong. *Iqbal* requires pleading "***factual content*** that allows the court to draw the reasonable inference that the [movant] is liable for the

8

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). CPC cites to *Wright v. Union Pacific Railroad Co.*, but that case simply reaffirms the *Iqbal* pleading standard. 990 F.3d 428, 433 (5th Cir. 2021) ("Rather, Wright only needed "plausibly [to] allege facts going to the ultimate elements of the claim to survive a motion to dismiss.'") (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019)). CPC's boilerplate and conclusory indirect infringement allegations fail to satisfy this standard because they do not allege *any* facts. CPC's indirect infringement allegations should therefore be dismissed.

### IV. CPC DOES NOT ADEQUATELY PLEAD COMPLIANCE WITH § 287

Apple noted in its opening brief that "CPC's complete marking compliance allegation is 'CPC has complied with 35 U.S.C. § 287 with respect to the '208 Patent.' D.I. 1 at ¶ 30." Apple Mot. at 17. CPC mischaracterizes this sentence as "Apple acknowledge[ing] that 'CPC has complied with 35 U.S.C. § 287.'" CPC Opp. at 12-13. Apple made no such acknowledgement, as is obvious from page 17 of its Motion. The deficiency in CPC's pleadings remains.

Nothing CPC argues in its opposition cures the fact that its entire pre-suit damages case is based on a single self-serving sentence for each patent that CPC complied with § 287. CPC also does not address that it is required to plead compliance with the marking statute under the *Iqbal / Twombly* pleading standard to survive a motion to dismiss on pre-suit damages. Because CPC has no factual allegations related to compliance with § 287, its complaint is insufficient. CPC points instead to burden shifting under *Arctic Cat*, but as that case holds, it is CPC who ultimately has the burden of **pleading and proving** compliance with the marking statute. *See Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement."). Further, CPC claims that it is not bound by § 287 because it is an "investment company" (CPC Opp. at 13), but § 287 applies to all patent entities, irrespective of whether they make real products. *See* 35

U.S.C. § 278(a) (***Patentees***, and persons making, offering for sale, or selling within the United States any patented article…."). Despite being a patent holding company, the marking requirements extend back in time and apply to past assignees and licensees, including the original assignee and product-producing company Securicom. *See Arctic Cat*, 876 F.3d at 1366. Accordingly, CPC's damages are limited by the patent marking statute. CPC also claims pre-suit notice cures its complaint deficiencies, but any pre-suit notice would adjust the pre-suit damages period, not absolve CPC from its obligations under § 287.

## V.    APPLE'S LITIGATION BEHAVIOR

Lastly, CPC claims Apple is using "litigation by intimidation" because Apple sent CPC a letter specifically identifying CPC's complaint deficiencies. CPC Opp. at 15. CPC uses this letter to deflect from the real issue—CPC's deficient complaint. It is not "intimidation" to put CPC on notice that the deficiencies in its case may have consequences. Apple's letter gives CPC the opportunity to withdraw its claims against Apple to avoid the Court unnecessarily expending resources. As stated, Apple is mindful of the careful approach required by Rule 11 and this Court, and this letter is entirely appropriate under the circumstances. As CPC noted, the parties engaged in pre-suit correspondence regarding certain of CPC's allegations. In that correspondence, Apple identified the very deficiencies it now raises to the Court. The fact that CPC could not—or chose not to—fix these deficiencies precipitated Apple's letter. Choosing to litigate meritless claims when on notice is not sound litigation strategy.

## VI.   CONCLUSION

For the reasons stated above, the Court should dismiss CPC's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Date: May 26, 2021                                  Respectfully submitted,

*/s/ Seth M. Sproul*
Seth M. Sproul (admitted *Pro Hac Vice*)
CA Bar No. 217711
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099
sproul@fr.com

Benjamin C. Elacqua
TX Bar No. 24055443
Tony Nguyen
TX Bar No. 24083565
Kathryn Quisenberry
TX Bar No. 24105639
FISH & RICHARDSON P.C.
1221 McKinney Street, Suite 2800
Houston, TX 90067
Telephone:  (713) 654-5300
Facsimile:   (713) 652-0109
elacqua@fr.com
nguyen@fr.com
quisenberry@fr.com

Joy B. Kete (admitted *Pro Hac Vice*)
MA Bar No. 694323
FISH & RICHARDSON P.C.
One Marina Park
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906
kete@fr.com

Betty H. Chen
TX Bar No. 24056720
FISH & RICHARDSON P.C.
500 Arguello St.
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071
bchen@fr.com

J. Stephen Ravel
TX Bar No. 16584975
Kelly Ransom
TX Bar No. 24109427
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, TX 78701
Telephone: (512) 495-6429
steve.ravel@kellyhart.com
kelly.ransom@kellyhart.com

*Attorneys for Apple Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 26, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Dhohyung Kim<br>George C. Summerfield<br>James A. Shimota<br>K&L Gates LLP<br>70 W. Madison Street, Suite 3300<br>Chicago, IL 60602<br>DK.Kim@klgates.com<br>Summerfield@stadheimgrear.com<br>Jim.Shimota@klgates.com<br><br>Elizabeth Abbott Gilman<br>K & L Gates LLP<br>1000 Main, Suite 2550<br>Houston, TX 77002<br>Beth.Gilman@klgates.com | Stewart Mesher<br>K & L Gates LLP<br>2801 Via Fortuna, Suite 350<br>Austin, TX 77002<br>stewart.mesher@klgates.com<br>Attorneys for<br>CPC Patent Technologies Pty Ltd. |

                                                            */s/ Seth M. Sproul*
                                                             Seth M. Sproul