**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| CPC PATENT TECHNOLOGIES PTY LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:21-cv-00165-ADA |
| | ) | |
| APPLE INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | **PUBLIC VERSION** |

**PLAINTIFF CPC PATENT TECHNOLOGIES PTY LTD.'S OPPOSITION TO**
**DEFENDANT APPLE INC.'S MOTION TO TRANSFER VENUE TO THE NORTHERN**
**DISTRICT OF CALIFORNIA**

## <u>TABLE OF CONTENTS</u>

I.       INTRODUCTION ................................................................................................. 1

II.      DISCUSSION ..................................................................................................... 1

     A.      The Legal Standards Governing Forum *Non Conveniens* ....................... 1

     B.      Private Factors ......................................................................................... 3

          1.      The Relative Ease of Access to Sources of Proof .......................... 3

               a.      Witnesses ............................................................................ 3

               b.      Access to Physical Documents ......................................... 4

               c.      Location of Electronic Documents ................................... 6

               d.      Conclusion Regarding Access to Proof ........................... 7

          2.      The Availability of Compulsory Process ...................................... 7

          3.      The Cost of Attendance for Willing Witnesses ........................... 8

          4.      All Other Practical Factors ........................................................ 11

     C.      Public Interest Factors ........................................................................... 12

          1.      Administrative Difficulties Flowing From Court Congestion ................. 12

          2.      Local Interest in Having Localized Issues Decided at Home ................. 13

          3.      Familiarity with Governing Law and Conflict of Laws........................... 14

III.     CONCLUSION ................................................................................................. 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cont'l Grain Co. v. The FBL-585,*
    364 U.S. 19 (1960)...................................................................................................11

*EcoFactor, Inc. v. Vivint, Inc.,*
    6:20-cv-00080 (W.D. Tex. Apr. 16, 2021) ..........................................2, 4, 5, 6, 7, 8, 12, 13, 14

*Finjan LLC v. Cisco Sys. Inc.,*
    No. 17-cv-72-BLF (N.D. Cal.)....................................................................................13

*Fintiv Inc. v. Apple Inc.,*
    No. 6:18-cv-00372, 2019 WL 4743678 (W.D. Tex. Sept. 10, 2019) ..............................3, 6, 9

*In re Genentech, Inc.,*
    566 F.3d 1338 (Fed. Cir. 2009)....................................................................................11

*In re Hulu, LLC,*
    App. No. 2021-142, *slip op.* (Fed. Cir. Aug. 2, 2021)..................................................10, 11, 13

*Koss Corp. v. Apple Inc.,*
    6:20-cv-0065-ADA (W.D. Tex. Apr. 22, 2021) .......................................................12

*Neonode Smarthphone LLC v. Apple Inc.,*
    6:20-cv-00505 (W.D. Tex. July 19, 2021)..........................................................2, 7, 9, 11

*PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.,*
    No. 6:11-cv-655, 2013 WL 9600333 (E.D. Tex. Mar. 21, 2013)..........................................11

*Uniloc 2017 LLC v. Apple Inc.,*
    6-19-CV-00532-ADA, 2020 WL 3415880 (W.D. Tex. June 22, 2020)...................................7

*Uniloc USA Inc. v. Box, Inc.,*
    1:17-cv-754-LY, 2018 WL 2729202 (W.D. Tex. June 6, 2018) ...........................................12

*In re Vistaprint Ltd.,*
    628 F.3d 1342 (Fed. Cir. 2010)....................................................................................11

*In re Volkswagen, Inc.,*
    545 F.3d 304 (5th Cir. 2008) .......................................................................................11

*In re Volkswagen of Am., Inc.,*
    566 F.3d 1349, 1351 (Fed. Cir. 2009).............................................................................11

**Statutes**

28 U.S.C. §1782(a) ..................................................................................................5

**Other Authorities**

*http://members.calbar.ca.gov/fal/Licensee/ Detail/184497* (accessed May 5, 2021)...................10

Lori Hawkins, *Austin Hotel Projects Move Forward, Including at New Apple Campus*, AUSTIN AMERICAN-STATESMAN (July 20, 2020) [Ex. 4]...........................................9

## I.     INTRODUCTION

In its latest effort to avoid litigation in a venue where it maintains thousands of employees, Defendant, Apple, Inc. ("Apple"), has filed the latest in its series of motions seeking to transfer a matter out of this Judicial District.  As with its previous efforts, Apple contends, in this day of electronic transmission of information, that venue is purportedly inconvenient.

Apple eschews this Court's precedent in favor of putting forward its oft-utilized declarant, Mark Rollins - a finance manager who has, at most, a layman's understanding of the technology in suit - to evince Apple's complete lack of activities related to the technologies in suit.[1]  Mr. Rollins did not bother to speak to anyone in Austin to discern what is actually done there.  Had he bothered, he would have learned that Apple performs activities related to Touch ID and Apple Card - two features clearly at issue in this litigation.[2]

Apple should not benefit from its slavish adherence to its venue playbook.  Rather, as it has done multiple times previously, this Court should apply the venue factors and deny the motion.

## II.    DISCUSSION

### A.     The Legal Standards Governing Forum *Non Conveniens*

"The burden to prove that a case should be transferred for convenience falls squarely on

---

[1] In addition to this case, Mr. Rollins has executed venue transfer declarations in at least the following matters: *KOSS Corporation v. Apple Inc.*, 6:20-cv-00665 (W.D. Tex.) (Dkt. 34-2); *NavBlazer, LLC v. Apple, Inc.*, 6:20-cv-00085 (W.D. Tex.) (Dkt. 24-1); *VOIP-PAL.COM, INC. v. Apple Inc.*, 6:20-cv-00275-ADA (W.D. Tex.) (Dkt.  17-29); *Solas OLED Ltd. v. Apple Inc.*, 6:19-cv-00537 (W.D. Tex.) (Dkt. 23-2); *Neonode Smarthphone LLC v. Apple Inc.*, 6:20-cv-00505 (W.D. Tex.) (Dkt. 27-3); *Cub Club Investment, LLC v. Apple, Inc.*, 6:20-cv-00856 (W.D. Tex.) ( Dkt.  21-1).

[2] Mr. Rollins has also provided a "verification" to Apple's interrogatory responses on venue.  [Ex. 5]. ███████████████████████████████████████ ██████████████████  And, while, as Mr. Rollins contends, no one person knows everything about the venue issue, it was gamesmanship for Apple to use as its mouthpiece an individual that knows *nothing* about that issue.

1

the moving party." *EcoFactor, Inc. v. Vivint, Inc.,* 6:20-cv-00080 (W.D. Tex. Apr. 16, 2021) [Dkt. 55] ("*EcoFactor*") at 3, *citing In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). *See also Neonode Smarthphone LLC v. Apple Inc.*, 6:20-cv-00505, Dkt. 65 at 5 (W.D. Tex.) ("Apple does not show that the 'proper credentials' have not been or cannot be given to Apple employees located in Austin, Texas for the purpose of this litigation or in general"). The burden that a movant must carry is not that the alternative venue is ***clearly*** more convenient. *Id., citing In re Volkswagen, Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008). "While 'clearly more convenient' is not necessarily equivalent to 'clear and convincing,' the moving party 'must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning.'" *Id., citing Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267 at *7 (E.D. Tex. Nov. 27, 2019).

"If the destination venue would have been a proper venue, then '[t]he determination of "convenience" turns on a number of public and private interest factors, none of which can be said to be of dispositive weight.'" *Id.* at 2, *citing Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). "The private factors include: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id., citing In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

"The public factors include: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.'" *Id.* at 2-3. As shown below, the private and

public factors do not support transfer in this case.

**B.**     **Private Factors**

**1.**     **The Relative Ease of Access to Sources of Proof**

"'In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored.'" *Id.* at 4, *quoting Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "'[T]he question is *relative* ease of access, not *absolute* ease of access.'" *Id., quoting In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original).

**a.**     **Witnesses**

"This Court, in following Federal Circuit precedent, has made clear that witnesses are not sources of proof to be analyzed under this factor." *Id.* "Under this factor, the Court considers only documents and physical evidence." *Id., citing Netlist, Inc. v. SK hynix Inc. et al*, No. 6:20-cv-00194-ADA (W.D. Tex. Feb. 2, 2021); *In re Apple Inc.*, 979 F.3d 1332, 1339 (Fed. Cir. 2020); and *Volkswagen*, 545 F.3d at 315.  Nonetheless, as part of its discussion of access to proof, Apple referenced "witnesses . . . located in the requested transferee district," which purportedly contributes to the "ease of access to evidence."  Apple Motion at 8.  The locations of these witnesses are immaterial, then, to the access issue.

To the extent the Court is inclined to consider the location of witnesses, at least two Apple employees located in Austin have knowledge relevant to the accused technologies.  Randall Noumbissi's job is ████████████████████████████████████████████████████████ ████████████████████████████████████████████"[3]  Noumbissi Dep. Tr. [Ex. 1] at 10:4-14.  Mr. Noumbissi also ███████████████████████████████████████  *Id.* at 21:12-

---

[3] Apple Card is a feature expressly accused in this litigation.  *See* Complaint, ¶ 2.

17.  Aravind Jerubandi, another Apple employee in Austin, ███████████████ ████████████████████████████████████████████████████████████████████████[4]  Jerudandi

Dep. Tr. [Ex. 3] at 15:9-15.

As an aside, Mr. Rollins, the witness charged by Apple with setting forth the lack of relevant activity in Austin, did not recall having heard of Messrs. Noumbissi and Jerubandi, both of whom had been deposed *prior to* Mr. Rollins' deposition.[5]  Rollins Dep. Tr. [Ex. 2] at 29:18-30:13, 28:25-29:17.

<h3 style="text-align:center;">b.    Access to Physical Documents</h3>

In *EcoFactor*, this Court found it deficient for transfer purposes that the moving party did not "point with particularity to any relevant physical documents, nor does it confirm the existence of any physical documents located in the" Northern District of California.  *EcoFactor* at 5. Similarly, Apple alleges that relevant technical and financial documents are "located" in the Northern District of California, without identifying a single relevant *physical* document stored there.  *See* Apple Motion at 8-9.  Indeed, Apple's declarant makes clear that the documents in question are generally stored electronically:

> I understand that working files, electronic documents, and any hard copy documents concerning the Accused Features reside on local computers and/or servers either located in or around the NDCA, Prague, or Melbourne or are accessible in the NDCA, Prague, or Melbourne ( Dkt. 22-2, ¶ 8);

> To the best of my knowledge, related working files, electronic documents, and business records reside on local computers and/or servers either located in or around the NDCA or accessible in the NDCA (*Id.,* ¶ 14); and

---

[4] TouchID is a functionality accused of infringement in this case.  *See* Complaint, ¶ 2.
[5] Mr. Rollins, hedging his bets, ████████████████████████████████████████████ ███████████████████████ Rollins Dep. Tr. [Ex. 2] at 30:8-11.  He also hypothesized that ████████████████████████████████████████████████████ (it did not).  *See id.* at 30:16-18.

Documents concerning sales and financial information for these products reside on local computers and/or servers either located in or around the NDCA or accessible in the NDCA (*Id.,* ¶ 19).

In any event, such vague references to the location of "any hard copy documents," "related working files," and "business records" are insufficient to sustain Apple's elevated burden of proof regarding relative convenience. *See EcoFactor* at 5 ("the Court is not persuaded by Vivint's vague argument regarding 'relevant sources of proof'").

Further, to the extent that any relevant physical documents do exist, Apple has made no showing that their production to CPC would be clearly more convenient in a case pending in California than in Texas. Apple's motion is also silent regarding the last time Apple produced ***any*** documents in hard copy form to a party opponent. In that regard, the need to access any document in hard copy form is belied by the ability of key Apple employees located in Melbourne, Florida and Prague, Czech Republic to work primarily with "individuals located in Cupertino, California." Dkt. 22-2, ¶ 9. *See also id.*, ¶ 12. It is counterintuitive that such individuals need to travel to California to review hard copies of any documents relevant to their work.

Apple, to bolster its claim of relative inconvenience, cites to CPC's section 1782 petition for discovery to support a German litigation, which represented that "'virtually all' discovery from Apple will come from the" Northern District of California. Apple Motion at 9. If that were the dispositive factor relevant to a *forum non conveniens* analysis, Apple would have a point. However, as demonstrated in the *EcoFactor* decision, it is not. Further, as is evident from the petition, the location of the person from whom the discovery is sought is a threshold issue to obtaining discovery. *See* Dkt. 22-3 at 4 (citation omitted). *See also* 28 U.S.C. §1782(a) ("The district court of the district ***in which a person resides or is found*** may order him to . . . produce a document or other thing for use in a proceeding in a foreign or international tribunal" (emphasis

added)).  In the case of *forum non conveniens*, the location of evidence is but a factor to consider. And, Apple has produced no evidence regarding the specific nature, quantity, or relevance of any physical documents located outside this Judicial District, let alone evidence regarding the inconvenience associated with their production.

### c.    Location of Electronic Documents

"Although the physical location of electronic documents does affect the outcome of this factor under current Fifth Circuit precedent, this Court has stressed that the focus on physical location of electronic documents is out of touch with modern patent litigation." *EcoFactor* at 5, *citing Volkswagen*, 545 F.3d at 316; *Fintiv*, 2019 WL 4743678, at *8; and *Uniloc 2017 LLC v. Apple Inc.*, 6-19-CV-00532-ADA, 2020 WL 3415880 at *9 (W.D. Tex. June 22, 2020) ("[A]ll (or nearly all) produced documents exist as electronic documents on a party's server. Then, with a click of a mouse or a few keystrokes, the party [can] produce[] these documents" and make them available at almost any location).

As noted above, according to Apple's own declarant, documents relevant to this proceeding are generally stored electronically on local computers and servers.   Dkt. 22-2, ¶¶ 8, 13, 19.  At best, Mr. Rollins was able to testify further that ███████████████████████████ ████████████████████████████████████ Rollins Dep. Tr. [Ex. 2] at 38:19-24.[6]  In other words, documents may indeed be in Austin, but they are elsewhere as well.  This hardly counsels against maintaining the litigation in this Judicial District.

Overall, Apple employees from two continents worked together in the development of the accused products at issue.  Dkt. 22-2, ¶¶ 9, 12.  This supports the notion that relevant electronically

---

[6] As the consummate professional witness, Mr. Rollins professed ████████████████████ ██████████████████████████ despite having opined on that very subject in his declaration. *See* Rollins Dep, Tr. [Ex. 2] at 40:16-22.

stored documents are available anywhere (including Texas) "with a click of a mouse or a few keystrokes." *See Uniloc*, 2020 WL 3415880 at *9. Apple, which has the burden of proof on its motion, adduces no contrary evidence. *See Neonode,* 6:20-cv-00505, Dkt. 65 at 5 (W.D. Tex.) ("However, Apple does not show that the 'proper credentials' have not been or cannot be given to Apple employees located in Austin, Texas for the purpose of this litigation or in general."). As such, Apple's references to the locus of electronic documents do not paint California as the clearly more convenient forum.[7]

### d.    Conclusion Regarding Access to Proof

As Apple has failed to identify any evidence that is inaccessible from Texas, the access to proof factor is neutral.

### 2.    The Availability of Compulsory Process

"In this factor, the Court considers particularly non-party witnesses whose attendance may need to be secured by a court order." *EcoFactor* at 7, *citing Fintiv*, 2019 WL 4743678, at *5; *Volkswagen*, 545 F.3d at 316; and *Uniloc,* 2020 WL 3415880 at *10. "This factor 'weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *Id., quoting In re Apple, Inc.*, 581 Fed. App'x. 886, 889 (Fed. Cir. 2014). "As party witnesses almost invariably attend trial willingly, '[w]hen no party has alleged or shown any witness's unwillingness, a court should not attach much weight to the compulsory process factor.'" *Id., quoting CloudofChange, LLC v. NCR Corp.*, No. 6-19- cv-00513 (W.D. Tex. Mar. 17, 2020).

---

[7] Apple specifically references source code as a category of information electronically stored. *See, e.g.,* Apple Motion at 9. It is not at all evident that source code, given the nature of the asserted patent claims, will even be required for this litigation. If so, this Court has noted that "source code is, by its very nature, electronic, it can be easily transported electronically to distant locations essentially instantaneously." *EcoFactor* at 6, *quoting Fintiv*, 2019 WL 4743678, at *3 n.1.

Here, the single third party witness identified by Apple is located in Hong Kong, *i.e.,* outside of the subpoena power of any U.S. court.  *See* Apple Motion at 10.  Put another way, **no** third party witnesses are located in California.  Apple does not, and cannot, argue that this single witness located overseas could be compelled to appear in court in California, as opposed to Texas.

Otherwise, Apple had issued a press release indicating that it would produce the MacBook Pro in Austin.  Rollins Dep. Ex. 7 [Ex. 2].   During his deposition, Mr. Rollins ███████████ ███████████████████████████████████████████████████████████████████ Rollins Dep. Tr. [Ex. 2] at 60:25-61:15.  Mr. Rollins ███████████████████████████ ███████████████████████████████████████  Rollins Dep. [Ex. 2] at 57:14-18.  He ███████████████████████████████████████████████████████████████ ██████████████████████████████  *Id.* at 57:20-25.  In any event, in the likely event that Apple's contract manufacturer manufactures the MacBook Pro equipped with TouchID in Austin, witnesses from that contract manufacturer knowledgeable about such manufacture would be subject to the subpoena power of this Court.

The odds under the circumstances is that there are at least as many witnesses with relevant knowledge in this Judicial District as in California.  At the very least, the latter group of witnesses do not substantially outnumber the former.  This factor is, at best, neutral.

### 3.    The Cost of Attendance for Willing Witnesses

"'The convenience of witnesses is the single most important factor in the transfer analysis.'"  *EcoFactor* at 9, *quoting Fintiv*, 2019 WL 4743678 at *6. However, "[c]ourts properly

---

[8] ██████████████████████████████████████████████████████████████████ ████████████████████████████ *ee* Rollins Dep. Tr. [Ex. 2] at 57:14-21. ███ ██████████████████████████████  *Id.* at 58:1-59:13.

give more weight to the convenience of non-party witnesses than to party witnesses." *Id., citing Netlist*, No. 6:20-cv-00194-ADA at 13; and *Moskowitz Family LLC v. Globus Med., Inc.*, No. 6:19-cv-00672-ADA, 2020 WL 4577710 at *4 (W.D. Tex. Jul. 2, 2020).  In fact, "the 'convenience of party witnesses is given little weight.'" *Id.* at 10, *quoting SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-cv-00525-ADA, 2020 WL 2494574 at *4 (W.D. Tex. May 14, 2020).

Given the typical time limits for a trial, it is reasonable to assume that, "in addition to the party's experts . . . no more than a few party witnesses—and even fewer third-party witnesses, if any—will testify live at trial." *Id. Fintiv*, 2019 WL 4743678, at *6.  Here, Apple has identified six knowledgeable witnesses, all Apple employees, two of whom are located outside of California. *See* Dkt. 22-2, ¶¶ 9-13.

For the two Apple witnesses outside California, there would be a minimal difference in cost between travel to Waco and San Francisco. Indeed, while Waco may be farther away from Austin-Bergstrom International Airport, this Court has noted that "[i]f anything, hotels in Waco are significantly cheaper on average than those in San Francisco." *Neonode*, 6:20-cv-00505, Dkt. 65 at 9. Additionally, Apple is building a 192-room hotel in Austin for its employees. Lori Hawkins, *Austin Hotel Projects Move Forward, Including at New Apple Campus*, AUSTIN AMERICAN-STATESMAN (July 20, 2020) [Ex. 4]. Once built, Apple's witnesses could take advantage of this accommodation.

For the four Apple identified witnesses located in California, trial in Texas will be mildly inconvenient at most. Assuming that any or all of them will be required to testify live at trial as opposed to, *e.g.,* by deposition,[9] they would still be able to work remotely or at one of Apple's

---

[9] One of these party witnesses, Brian Ankenbrandt, is the "Manager in the Intellectual Property Transaction Group at Apple."  Dkt. 22-2, ¶ 18.  Mr. Rollins fails to mention that Mr. Ankenbrandt is also an attorney with Apple.  *See http://members.calbar.ca.gov/fal/Licensee/ Detail/184497*

campuses in Austin when not needed at trial. They would also be able to take advantage of the affordable accommodations in Waco or Apple's new 192-room employee hotel in Austin.  In any case, Apple has not identified a "significant number of potential" witnesses located in California that would warrant transferring the case there.[10]  *In re Hulu, LLC*, App. No. 2021-142, *slip op.* (Fed. Cir. Aug. 2, 2021) at 5.

Mr. Rollins counts himself as one of the witnesses for which incremental expenses would be incurred for travel to Texas.  However, Mr. Rollins is a finance manager with only a layman's understanding of the subject technology.  Rollins Dep. Tr. [Ex. 2] at 21:10-22, 27:12-15, 33:16-24, 34:12-23, 51:4-8.  Apart from his purported knowledge of the venue issue, Mr. Rollins identifies no relevant information that he possesses at all, let alone information mandating his attendance at trial.

Of course, the travel expenses for Apple employees such as Messrs. Noumbissi and Jerubandi, who live and work in Austin, travel to Waco would incur minimal expense and inconvenience, whereas travel to California would be, by Apple's reasoning, inconvenient.  And, because there are employees such as Messrs. Noumbissi and Jerubandi, this is not a situation where "a substantial number of witnesses reside in one venue and no witnesses reside in another" weighing favor of transfer. *See Hulu* at 9.

---

(accessed May 5, 2021).  The notion that an Apple attorney would require days of trial attendance in order to provide lengthy non-privileged testimony is specious.

[10] While Apple complains that travel to Texas would be allegedly inconvenient to its employees, it does not allege that any such employees are unwilling to make the trip for trial, and indeed even characterizes them as "willing."  *See* Apple Motion at 11.  As for Mr. Rollins, as with other key factors related to venue, ██████████████████████████████████████████████████████████████ ████████████████████████████████████      Rollins Dep. Tr. [Ex. 2] at 49:11-24.

As shown above, neither California nor Texas would be equally convenient to all witnesses. Some degree of inconvenience would be experienced by certain witnesses irrespective of which forum ultimately tries this case.  This factor is therefore neutral.

### 4.    All Other Practical Factors

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013).

CPC has sued HMD Global Oy in this Court for infringement of the same patents at issue here.  *CPC Patent Technologies PTY LTD.*, 6:21-cv-00166-ADA (W.D. Tex.).  HMD has answered and has not challenged venue. *Id.,* Dkt. 17.  "[W]here there is a co-pending litigation . . . involving the same patent-in-suit, . . . pertaining to the same underlying technology and accusing similar services, . . . the Federal Circuit cannot say the trial court clearly abuses its discretion in denying transfer." *Vistaprint*, 628 F.3d at 1346 n.3.

Keeping these cases together before this Court would conserve judicial resources.  *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960); *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("Judicial economy is served by having the same district court try … cases involving the same patents"); *Neonode*, 6:20-cv-00505, Dkt. 65 at 10.  For example, claim construction will be coordinated.  *Neonode*, 6:20-cv-00505, Dkt. 65 at 10.  Patent invalidity issues will significantly overlap as between the two cases.  *See id.* at 11. Finally, "this Court customarily requires parties in related cases to coordinate all aspects of the cases until pre-trial, which would further save judicial resources and facilitate expeditious resolution of both cases."  *Id.*

Accordingly, this factor clearly weighs against transfer, as proceeding with this case in California would mean two forums adjudicating, *e.g.,* claim construction for the same patents.

    **C.**    **Public Interest Factors**

        **1.**    **Administrative Difficulties Flowing From Court Congestion**

"The relevant inquiry under this factor is actually '[t]he speed with which a case can come to trial and be resolved[.]'" *EcoFactor* at 11, *quoting In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). "A faster average time to trial means a more efficient and economical resolutions of the claims at issue." *Id.*

As this Court noted recently, its "default schedule would lead to a trial date much sooner than the average time to trial in the" Northern District of California. *EcoFactor* at 11. *See also Koss Corp. v. Apple Inc.,* 6:20-cv-0065-ADA, Order (W.D. Tex. Apr. 22, 2021) [Dkt. 72] ("*Koss*") at 23 ("While Apple claims historically WDTX and NDCA have disposed of cases at comparable rates, recently this Court has proved more expeditious"). Apple cites this Court's 2018 decision in *Uniloc USA Inc. v. Box, Inc.*, 1:17-cv-754-LY, 2018 WL 2729202 (W.D. Tex. June 6, 2018) as evidence that "Courts in this District have acknowledged that NDCA has a shorter time to trial for patent cases than this District." Apple Motion at 13. As noted in *Koss*, however, while that may once have been true, it is no longer so. *Koss* at 23. And, in *Box*, the Court found that the Northern District of California was, at the time, only "marginally faster." *Box,* 2018 WL 2729202 at *4.

Apple also cites to issues of prospective congestion in this Court. *See* Apple Motion at 13-14. However, as this Court noted, when assessing the court congestion factor, a court must make its decision on the basis of past data rather than anticipated schedules. *Koss* at 25, *citing In re Adobe Inc.*, 823 Fed. App'x 929, 932 (Fed. Cir. 2020). Amplifying the problematic nature of its reliance on prospective congestion, Apple argues that, "when this case is likely to be scheduled for trial, there would be close to one trial set each day based on the number of recent cases filed,"

presupposing a zero rate of settlement, as opposed to the typical rate of settlement for patent cases. *See* Apple Motion at 14.

"Further, this Court has demonstrated its capability of conducing in person jury trials in a safe and efficient manner in the COVID-19 pandemic." *EcoFactor* at 11. "This Court held its first patent jury trial in October 2020, and has held three more in-person jury trials in the first quarter of 2021 already." *Id.* "Thus, this Court is fully open and equipped to safely conduct jury trials in the COVID-19 pandemic." *Id.* at 11-12. "Conversely, the NDCA suspended all criminal and civil jury trials until at least early 2021." *Id.* at 12.

According to Apple, the Northern District of California is resuming jury trials as early as June. Apple Motion at 14. The case referenced by Apple, *Finjan LLC v. Cisco Sys. Inc.*, is a case from 2017 (Civ. No. 17-cv-72-BLF), and will be going to trial nearly three and a half years after the January 6, 2017 filing of the complaint in that matter, *See Finjan LLC v. Cisco Sys. Inc.*, No. 17-cv-72-BLF (N.D. Cal.), Dkt. Nos. 1 (January 6, 2017 complaint), and 738 (order setting trial for June 3, 2021). Thus, "[i]f this case is transferred to the NDCA, in addition to deferred trial settings as a result of the COVID-19 pandemic, transferring this case and establishing a new schedule with a new presiding judge would cause greater delay." *See EcoFactor* at 12.

Even if one were to look only to recent statistics reflecting "the close similarity of cases per judgeship and average time to trial of the two forums," thereby disregarding all of the foregoing advantages of proceeding in this forum, court congestion is, at best, a neutral factor in this analysis. *See Hulu* at 12. In other words, this factor cannot tip the balance in favor of transfer.

## 2.    Local Interest in Having Localized Issues Decided at Home

"Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home." *EcoFactor* at 12, *citing Volkswagen* 545 F.3d at 317. "'A local interest is demonstrated by a relevant factual connection between the events and the venue.'" *Id. citing Word*

*to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507 at *4 (N.D. Tex. Jul. 23, 2015).   Apple again invokes its research, design, and development activities that occurred in California as somehow related to this factor.   Apple Motion at 14.   However, CPC's infringement claims are not predicated upon acts or research, design, or development.   They are, instead, based upon "the manufacture, advertising, offer for sale, and sale of the Accused Products."   Dkt. 1, ¶ 13.   CPC alleges that one or more of those acts occurs in this Judicial District.   *Id.*   Apple's declarant even acknowledges that Apple maintains five retail stores in this Judicial District, presumably where Apple sells, *inter alia*, the products accused of infringement in this case, *e.g.,* iPhones.   *See*  Dkt. 22-2, ¶ 20.  Further, Mr. Rollins ███████████████████████████ ████████████████████████████████████████████  Rollins Dep. Tr. [Ex. 2] at 57:16-18.

This situation is distinct from that in *In re TracFone Wireless, Inc.*, cited by Apple, where the defendant "'operates the accused methods and systems relating to pre-payment' in the transferee forum."   Apple Motion at 15, *quoting In re TracFone Wireless, Inc.,* App. No. 2021-136 (Fed. Cir. Apr. 20, 2021) [Dkt. 11].   Here, Apple does not, and cannot, allege that it uniquely commits the acts accused of infringement in the Northern District of California.

At best, under the circumstances, "both districts have a significant interest in this case," and this factor is therefore neutral."   *EcoFactor* at 12.

### 3.    Familiarity with Governing Law and Conflict of Laws

Apple has conceded that these factors are neutral.  Apple Motion at 15.

## III.    CONCLUSION

Given the pendency of the *HMD* matter, there are clear benefits to retaining this case in this Judicial District to conserve judicial resources and to avoid potentially inconsistent rulings on the same issues from two different forums.  Every other factor is, at best, neutral.  As such, Apple

has failed to satisfy its heavy burden of showing California to be the relatively convenient forum, and the motion to transfer should be denied.


Dated: August 4, 2021                                              Respectfully submitted,

/s/ James A. Shimota                                              Stewart Mesher
James A. Shimota                                                  Texas State Bar No. 24032738
(admitted *pro hac vice*)                                         **K&L GATES LLP**
Illinois State Bar No. 6270603                                    2801 Via Fortuna, Suite #350
George C. Summerfield                                             Austin, TX 78746
(admitted *pro hac vice*)                                         Tel.: (512) 482-6841
Michigan State Bar No. P40644                                     Fax: (512) 482-6859
Dhohyung Kim                                                      Stewart.Mesher@klgates.com
(admitted *pro hac vice*)
Illinois State Bar No. 6336174                                    Elizabeth A. Gilman
**K&L GATES LLP**                                                 Texas State Bar No. 24069265
70 W. Madison Street, Suite #3300                                 **K&L GATES LLP**
Chicago, IL 60602                                                 1000 Main Street, Suite #2550
Tel.: (312) 807-4299                                              Houston, Texas 77002
Fax: (312) 827-8000                                               Tel.: (713) 815-7327
Jim.Shimota@klgates.com                                           Fax: (713) 815-7301
George.Summerfield@klgates.com                                    Beth.Gilman@klgates.com
DK.Kim@klgates.com

*Attorneys for Plaintiff CPC Patent Technologies PTY Ltd.*

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on August 4, 2021, via electronic mail to counsel of record for Defendant at the following addresses:

Seth M. Sproul
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
sproul@fr.com

Betty H. Chen
FISH & RICHARDSON P.C.
500 Arguello St.
Redwood City, CA 94063
bchen@fr.com

Benjamin C. Elacqua
Tony Nguyen
Kathryn Quisenberry
FISH & RICHARDSON P.C.
1221 McKinney Street, Suite 2800
Houston, TX 90067
elacqua@fr.com
nguyen@fr.com
quisenberry@fr.com

Eda Stark
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
stark@fr.com

Stephen Ravel
Kelly Ransom
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, TX 78701
steve.ravel@kellyhart.com
kelly.ransom@kellyhart.com

Joy B. Kete
FISH & RICHARDSON P.C.
One Marina Park
Boston, MA 02210
kete@fr.com

/s/ James A. Shimota
James A. Shimota

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 11, 2021, the foregoing document was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system.

/s/ James A. Shimota
James A. Shimota