## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **CPC PATENT TECHNOLOGIES PTY LTD.,** § | | |
| *Plaintiff,* § | | |
| § | | **CASE NO. 6:21-CV-00165-ADA** |
| *v.* § | | |
| § | | **JURY TRIAL DEMANDED** |
| **APPLE INC.,** § | | |
| *Defendant.* § | | |

## MEMORANDUM OPINION AND ORDER

The Court considers Defendant Apple Inc.'s Motion to Dismiss Plaintiff CPC Patent Technologies PTY LTD.'s complaint. ECF No. 23. Plaintiff filed its opposition, and Defendant filed its reply. ECF Nos. 25, 26.

Plaintiff complained that Defendant directly and indirectly infringes U.S. Patent Nos. 9,269,208 ("'208 Patent"), 9,665,705 ("'705 Patent"), and 8,620,039 ("'039 Patent"). ECF No. 1 at ¶¶ 27-28, 33-34, 39-40. Plaintiff accuses Defendant's iPhones and iPads with Apple Card loaded into the iPhone Wallet of infringing the '039 Patent and accuses iPhones and iPads with TouchID or FaceID of infringing the '208 Patent and '705 Patent. *Id.* ¶ 2. Plaintiff seeks past damages. *Id.* at 7. The complaint attaches supporting documents and infringement claim charts. ECF No. 1, Exs. A-J.

After careful consideration of the briefs and applicable law, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff's Motion.

## I.     LEGAL STANDARDS

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. For a complaint to survive a Rule 12(b)(6) motion to dismiss, "every element of each cause of action must be supported by specific factual allegations." *Carlton v. Freer Inv. Grp.*, Ltd., No. 5:15-cv-00946-DAE, 2017 WL 11046201, at *8 (W.D. Tex. Aug. 8, 2017) (citation omitted). All allegations must include "enough factual matter" that, when taken as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

To allege direct infringement, the complaint must allege facts sufficient to create a plausible inference that ***each element*** of the claim is infringed by the accused products. *Kirsch Research and Dev., LLC v. Atlas Roofing Corp.*, No. 5:20-cv-00055-RWS, 2020 WL 8363154, at *2 (E.D. Tex. Sept. 29, 2020). "If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim." *Chapterhouse, LLC v. Spotify, Inc.*, No. 2:18-cv-00300-JRG, 2018 WL 6981828, at *1 (E.D. Tex. Dec. 11, 2018).

To allege indirect infringement, the plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit or was willfully blind to the existence of the patents-in-suit. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement.); *Commil USA,*

*LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376-77 (Fed. Cir. 2017). "[T]here can be no inducement or contributory infringement without an underlying act of direct infringement." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1:14-cv-00134-LY, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015). "To state a claim for indirect infringement . . . a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012).

"The patentee bears the burden of pleading and proving he complied with § 287(a)." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1367 (Fed. Cir. 2017). At the motion to dismiss stage, "[a] claim for past damages requires pleading compliance with the marking statute— even when compliance is achieved, factually, by doing nothing at all." *Express Mobile, Inc. v. DreamHost LLC*, No. 1:18-CV-01173-RGA, 2019 WL 2514418, at *2 (D. Del. June 18, 2019). "In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." 35 U.S.C. § 287(a).

## II.     ANALYSIS

### A. Direct Infringement of the '039 Patent – "dependent upon the received card information"

Defendant contends that Plaintiff pleaded no facts supporting direct infringement of "means for defining, ***dependent upon the received card information***, a memory location in a local memory external to the card." ECF No. 23 at 6. Plaintiff pleads that Apple's security enclave constitutes memory locations, as depicted in figure 7 of Apple's published patent application 2014/0089682 ("'682 Application"). ECF no. 1, Ex. J at 2-3. Plaintiff's Reply appears[1] to rely on the '682 Application to show that the security enclave can only be selected (or defined) as a memory location for storing fingerprint data after (e.g., depending on or contingent on) receiving card information from an enrolled Apple Card. ECF No. 25 at 6-7. Receiving data from other peripherals causes the selection of a different memory space outside of the secure enclave. *Id.* at 7. Thus, the selection of memory in the secure enclave for storing fingerprint data is contingent on (or depends on) receiving card information from an enrolled Apple Card instead of a different peripheral. *See id.* at 6-7.

Plaintiff's Reply provides a plausible infringement theory at the pleading stage. However, the complaint and its attached infringement contentions fail to fully articulate this theory. ECF No. 1, Ex. J at 2-3. For example, the infringement contention makes no mention of *defining* an address in the security enclave or a different area *depending on whether data is received from an enrolled Apple Card or from a different peripheral*. Because adding this clarification will plausibly state an infringement theory for this element, Defendant's motion to dismiss direct infringement of the '039 Patent is **GRANTED-IN-PART.** The claim for direct infringement of the '039 Patent is **dismissed with leave to file an amended complaint** within one week of this order that clearly articulates its infringement theory.

---

[1] Although the Court agrees with Defendant that Plaintiff's explanation is "cryptic," the decrypted explanation remains plausible.  ECF No. 26 at 4-5.

**B.  Direct Infringement of the '208 and '705 Patents—"at least one of the number of said entries and a duration of each said entries"**

Defendant contends Plaintiff pleaded no facts showing that the accused device will "determin[e] at least one of the number of said entries and a duration of said entry" from claim 10 of the '208 Patent and a similar limitation in the '705 Patent. ECF No. 23 at 13-14. Defendant contends the infringement charts "never allege that the number or duration of fingerprint or face images captured is measured, stored, or used in any way." ECF No. 9 at 9.

The infringement contentions attached to the complaint plausibly show that the accused product will determine and store only the number of said entries. ECF No. 23 at 7 (reproducing contention showing three face images), 8 (reproducing contention showing three fingerprints). The accused products will "receive a series of face images" and "populate the database of biometric signatures." *Id.* at 7 (reproducing contentions). The accused product also "receives a series of fingerprint signal[s] … to set up a Touch ID." *Id.* at 8 (reproducing contentions). Plaintiff provides similar contentions for both the '705 Patent and '208 Patent. *Id.* at 9. Plaintiff argues that the accused products determine (establish) a number of biometric data entries in a series sufficient for enrolling a user's biometric data. ECF No. 25 at 11.



ECF No. 1, Ex. H at 11.                                    ECF No. 1, Ex. I at 16.

The parties dispute claim construction. Defendant argues "at least one of" modifies only "the number of said entries." ECF No. 23 at 13-14. In other words, the claim requires least one entry in

addition to requiring a duration of duration of each said entries. Plaintiff argues "at least one of" creates a choice between either "the number of said entries" or "a duration of each said entries." ECF No. 25 at 9-10. In other words, satisfying only "the number of said entries" without the "duration of said entries" meets the claim.

The Court scheduled a Markman hearing for February 10, 2022. For now, the Court finds that Plaintiff's claim construction is plausible, so Plaintiff need not plead infringement of the claimed duration. The inherent and plausibly pleaded construction entitles Plaintiff to a Markman hearing. Accordingly, the motion to dismiss direct infringement claims of the '208 and '705 Patents is **denied**. If Defendant prevails on this term at the Markman hearing and Plaintiff fails to amend its infringement contentions consistent with the prevailing construction, then Defendant has **leave to renew its motion.**

### C. Indirect Infringement

Defendant first argues that the indirect infringement claims warrant dismissal because the direct infringement claims warrant dismissal. ECF No. 23 at 15. Consistent with the Court's decisions above, Defendant's motion is **granted in part**. The claim for indirect infringement of the '039 Patent is **dismissed with leave to amend the underlying claim for direct infringement**.

Next, Defendant argues that the indirect infringement claims warrant dismissal because "the entirety of CPC's indirect infringement allegation consist of a single sentence: '[w]ith knowledge of the '208 Patent, Apple has induced its customers to infringe at least claim 10 of that patent by instructing such customers regarding registration for, and use of, the Touch ID and Face ID function of the Accused Products.'" ECF No. 23 at 16. Defendant contends Plaintiff made only similar statements for the other two patents. *Id.*

The Court finds Defendant relied on an incomplete statement of facts. The Complaint further alleges that Plaintiff provided Defendant specific notice of the patents in this lawsuit months before

filing this lawsuit. ECF No. 1 ¶¶ 22-23. This notice plausibly establishes Defendant's knowledge of the asserted patents and allows for a plausible inference of Defendant's intent thereafter. The alleged notice to Defendant also distinguishes *Logic Devices*, where no specific notice preceded the lawsuit. 2014 WL 60056.

Finally, Defendant argues that Plaintiff failed to specifically identify the induced customers. However, "[t]o state a claim for indirect infringement . . . a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *Bill of Lading*, 681 F.3d at 1336. Plaintiff provides no opposing authority.

Defendant's motion to dismiss the claims for indirect infringement is otherwise **DENIED.**

### D.  Past Damages

Defendant argues for dismissal of the claim to past damages because Plaintiff's "complete marking compliance allegation is 'CPC has complied with 35 U.S.C. § 287 with respect to" the asserted patents. ECF No. 23 at 17.

The Court finds Defendant relied on an incomplete statement of facts. The Complaint alleges that Plaintiff provided Defendant specific notice of the patents in this lawsuit months before filing this lawsuit, which entitles Plaintiff to past damages. ECF No. 1 ¶¶ 22-23; 35 U.S.C. § 287 ("damages may be recovered only for infringement occurring after such notice").

Defendant's motion to dismiss claims to past damages is **DENIED**.

### III.    CONCLUSION

Defendant's motion to dismiss direct and indirect infringement of the '039 Patent is **GRANTED-IN-PART.** Plaintiff has **leave to file an amended complaint** within one week of this Order that clearly articulates its infringement theory.

7

Defendant's motion to dismiss direct and indirect infringement claims of the '208 and '705 Patents is **DENIED**. Defendant has **leave to renew its motion** if Defendant prevails on the disputed construction at the Markman hearing and Plaintiff fails to amend its infringement contentions consistent with the prevailing construction**.**

Defendant's motion to dismiss claims to past damages is **DENIED**.

SIGNED this 12th day of January 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE