UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CPC PATENT TECHNOLOGIES PTY LTD.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 6:21-cv-00165-ADA<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT APPLE INC.'S ANSWER

Defendant Apple Inc. ("Apple") by and through its attorneys files its Answer to the Complaint for Patent Infringement (Dkt. No. 1) filed by Plaintiff CPC Patent Technologies Pty Ltd. ("CPC"). Apple denies the allegations and characterizations in CPC's Complaint unless expressly admitted in the following numbered paragraphs, which correspond to the numbered paragraphs in the Complaint:

### NATURE OF THE ACTION

1. Apple admits that this is an action for purported patent infringement arising under 35 U.S.C. § 271 of U.S. Patent Nos. 9,269,208 ("the '208 Patent") and 9,665,705 ("the '705 Patent") and 8,620,039 ("the '039 Patent)," collectively "the Patents-in-Suit." To the extent Paragraph 1 of the Complaint calls for a legal conclusion, no response is required. Apple denies that it infringes or has infringed any claim of the Patents-in-Suit, directly or indirectly, literally or under the Doctrine of Equivalents. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 1.

1

2. Apple admits that CPC accuses Apple iPhones and iPads equipped with Touch or Face ID of infringing the '208 Patent and the '705 Patent and accuses Apple iPhones and iPads with an Apple Card loaded in the Apple Wallet app of infringing the '039 Patent, collectively "the Accused Products." Apple denies that it infringes or has infringed any claim of the Patents-in-Suit, directly or indirectly, literally or under the Doctrine of Equivalents. Except as specifically admitted and to the extent that a response is required, Apple denies the allegations and characterizations contained in Paragraph 2.

## THE PARTIES[1]

3. To the extent that the allegations of Paragraph 3 set forth legal conclusions, no response is required. Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies them.

4. To the extent that the allegations of Paragraph 4 set forth legal conclusions, no response if required. Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies them.

5. Apple admits that it is a California corporation having a place of business at One Apple Park Way in Cupertino, California 95014 and a place of business at 12535 Riata Vista Circle in Austin, Texas and 5501 West Parmer Lane in Austin, Texas.

6. Apple admits that it employs over one thousand people in Austin, Texas.

7. Apple admits that it is building a facility in Austin, Texas, but otherwise denies the characterizations contained in Paragraph 7.

---

[1] Apple repeats the headings set forth in the Complaint to simplify comparison of the Complaint and this response. In doing so, Apple makes no admissions regarding the substance of the headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Apple specifically denies all such allegations.

8. To the extent Paragraph 8 calls for a legal conclusion, no response is required. To the extent that a response is required, Apple admits that it has retail establishments in Austin, Texas.

9. Apple admits that it can be served with process through its registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

10. Apple admits that this is a purported action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code. Apple further admits that this Court has subject matter jurisdiction over actions for alleged patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Apple does not contest whether specific personal jurisdiction properly lies over Apple by this Court, solely for purposes of this action. Apple denies that it infringes or has infringed any claim of the Asserted Patents, directly or indirectly, literally or under the Doctrine of Equivalents. Apple denies the remaining allegations and characterizations contained in Paragraph 11.

12. Apple does not contest whether general personal jurisdiction properly lies over Apple by this Court, solely for purposes of this action. Apple denies that it infringes or has infringed any claim of the Asserted Patents, directly or indirectly, literally or under the Doctrine of Equivalents. Apple denies the remaining allegations and characterizations contained in Paragraph 12.

13. CPC's venue allegations call for a legal conclusion and therefore no answer is required. For at least the reasons stated in Apple's Motion to Transfer Venue (Dkt. No. 22), Apple denies that venue in this District is convenient or in the interest of justice, pursuant to 28 U.S.C. §

1404(a). Apple admits that it has a place of business in this District. Apple admits that Apple's products are used, offered for sale, and sold in this District. Apple denies that it infringes or has infringed any claim of the Asserted Patents, directly or indirectly, literally or under the Doctrine of Equivalents. Apple denies the remaining allegations and characterizations contained in Paragraph 13.

## SECURICOM'S [ALLEGED] INNOVATION OF BIOMETRIC SECURITY TECHNOLOGY

14. Denied.

15. Denied.

16. Denied.

## APPLE'S [ALLEGED] FORAY INTO THE BIOMETRIC SECURITY TECHNOLOGY

17. To the extent Paragraph 17 calls for a legal conclusion, no response is required. To the extent that a response is required, Apple admits that it introduced Apple Touch ID in 2013 and Apple Face ID in 2017. Apple denies that it infringes or has infringed any claim of the Asserted Patents, directly or indirectly, literally or under the Doctrine of Equivalents. Apple also denies, as explained in its September 29, 2020 Preliminary Invalidity Contentions, that the '208 Patent and '705 Patent are entitled the alleged priority date CPC asserts. Apple denies the remaining allegations and characterizations contained in Paragraph 17.

18. Apple admits that it introduced the Apple Card in 2019. Apple denies that it infringes or has infringed any claim of the Asserted Patents, directly or indirectly, literally or under the Doctrine of Equivalents. Apple denies the remaining allegations and characterizations contained in Paragraph 18.

## THE PATENTS-IN-SUIT

19. To the extent Paragraph 19 calls for a legal conclusion, no response is required. To the extent that a response is required, Apple admits that CPC purports to attach a true and accurate copy of the '039 Patent, entitled "Card Device Security using Biometrics," as Exhibit A to its Complaint and that the first page of the '039 Patent displays December 31, 2013. Apple denies the remaining allegations and characterizations contained in Paragraph 19.

20. To the extent Paragraph 20 calls for a legal conclusion, no response is required. To the extent that a response is required, Apple admits that CPC purports to attach a true and accurate copy of the '208 Patent, entitled "Remote Entry System," as Exhibit B to its Complaint and that the first page of the '208 Patent displays February 23, 2016. Apple denies the remaining allegations and characterizations contained in Paragraph 20.

21. To the extent Paragraph 21 calls for a legal conclusion, no response is required. To the extent that a response is required, Apple admits that CPC purports to attach a true and accurate copy of the '705 Patent, entitled "Remote Entry System," as Exhibit C to its Complaint and that the first page of the '705 Patent displays May 30, 2017. Apple denies the remaining allegations and characterizations contained in Paragraph 21.

## APPLE'S [ALLEGED] KNOWLEDGE OF THE PATENTS-IN-SUIT

22. To the extent Paragraph 22 calls for a legal conclusion, no response is required. To the extent that a response is required, Apple admits that CPC purports to attach correspondence from CPC to an Apple employee dated March 19, 2020 as Exhibit D to its Complaint. Apple denies the correspondence CPC purports to attach as Exhibit D constitutes specific notice of infringement regarding the '705 Patent or the '039 Patent. Apple denies the remaining allegations and characterizations contained in Paragraph 22.

23. To the extent Paragraph 23 calls for a legal conclusion, no response is required. To the extent that a response is required, Apple admits that CPC purports to attach correspondence from counsel for Apple to CPC dated May 14, 2020 as Exhibit E to its Complaint. Apple denies the correspondence CPC purports to attach as Exhibit E shows Apple's awareness of the '208 Patent. Apple denies the remaining allegations and characterizations contained in Paragraph 23.

24. Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies them.

## FIRST CAUSE OF ACTION

### ([Alleged] Infringement of the '208 Patent)

25. Apple incorporates by reference its responses to Paragraphs 1-24 as set forth fully herein. Paragraph 25 does not contain allegations for Apple to either admit or deny.

26. Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies them.

27. Denied.

28. Denied.

29. Denied.

30. As explained in its May 6, 2020 Motion to Dismiss (Dkt. No. 23), Apple denies that CPC has complied with 35 U.S.C. § 287.

## SECOND CAUSE OF ACTION

### ([Alleged] Infringement of the '705 Patent)

31. Apple incorporates by reference its responses to Paragraphs 1-30 as set forth fully herein. Paragraph 31 does not contain allegations for Apple to either admit or deny.

32. Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies them.

33. Denied.

34. Denied.

35. Denied.

36. As explained in its May 6, 2020 Motion to Dismiss (Dkt. No. 23), Apple denies that CPC has complied with 35 U.S.C. § 287.

## THIRD CAUSE OF ACTION

### ([Alleged] Infringement of the '039 Patent)

37. Apple incorporates by reference its responses to Paragraphs 1-36 as set forth fully herein. Paragraph 37 does not contain allegations for Apple to either admit or deny.

38. Apple lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint, and therefore denies them.

39. Denied.

40. Denied.

41. Denied.

42. As explained in its May 6, 2020 Motion to Dismiss (Dkt. No. 23), Apple denies that CPC has complied with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

This paragraph sets forth Plaintiff's demand for jury trial to which no response is required.

## CPC'S PRAYER FOR RELIEF

This section of the Complaint sets forth CPC's requested relief to which no response is required. Apple denies that CPC is entitled to any relief sought in its Prayer for Relief or otherwise.

## GENERAL DENIAL

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Apple denies them.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Apple, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

### FIRST DEFENSE

### (Failure to State a Claim)

1. CPC's Complaint fails to state a claim upon which relief may be granted, as set forth in Apple's Motion to Dismiss (Dkt. No. 23).

### SECOND DEFENSE

### (Standing)

2. CPC's claims are barred in whole or in part because CPC lacks standing to bring this action because it did not have sufficient rights to the Patents-in-Suit at the time the suit was filed, as set forth in Apple's Motion to Dismiss (Dkt. No. 45).

### THIRD DEFENSE

### (Non-Infringement)

3. CPC's claims are barred in whole or in part because Apple has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement, of any valid and enforceable claim of the Patents-in-Suit, either literally or under the Doctrine of Equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

### FOURTH DEFENSE

### (Invalidity)

4. CPC's claims are barred in whole or in part because each asserted claim of the Patents-in-Suit is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statutory provisions of Title 35 of the United States Code.

## FIFTH DEFENSE

### (Prosecution History Estoppel)

5. CPC's claims are barred in whole or in part by reason of estoppel.

6. CPC is estopped from construing any valid claim of the Patents-in-Suit to be infringed or to have been infringed, either literally or by application of the Doctrine of Equivalents, by any product made, used, imported, sold, or offered for sale by Apple in view of prior art and/or because of admissions, representations, and/or statements made to the Patent Office during prosecution of any application leading to the issuance of the Asserted Patents or any related patent, because of disclosures or language in the specifications of the Asserted Patents, and/or because of limitations in the claims of the Asserted Patents.

## SIXTH DEFENSE

### (Limitation on Damages)

7. To the extent that CPC and/or any predecessors in interest or any licensees to the Patents-in-Suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise failed to give proper notice that Apple's actions allegedly infringe the Patents-in-Suit, Apple is not liable to CPC for the acts alleged to have been performed before Apple received actual notice that the Accused Products were allegedly infringing the Patents-in-Suit.

## SEVENTH DEFENSE

### (Unclean Hands/Equitable Estoppel/Acquiescence/Waiver)

8. CPC's attempted enforcement of the Patents-in-Suit against Apple is barred by unclean hands, equitable estoppel, acquiescence, and/or waiver.

## EIGHTH DEFENSE

### (Adequate Remedy Other Than Injunctive Relief)

9. CPC is not entitled to injunctive relief, as, at a minimum, it has no irreparable injury, it has an adequate remedy at law for any alleged infringement by Apple, the balance of hardships do not tip in its favor, and the public interest would be disserved by an injunction.

## NINTH DEFENSE

### (Limitation on Remedies)

10. CPC's remedies are limited under 28 U.S.C. § 1498(a). Apple is not liable to the extent the Accused Products were used or manufactured by or for the United States, or to the extent accused activities were undertaken on behalf of the United States, according to at least U.S.C. § 1498.

## TENTH DEFENSE

### (No Willfulness)

11. Apple has not and does not willfully infringe any claim of the Asserted Patents.

### RESERVATION OF ALL ADDITIONAL DEFENSES

Apple hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continue and as discovery may require.

| | |
|---|---|
| Date: January 28, 2022 | Respectfully submitted,<br><br>*/s/ Tony Nguyen*<br>Seth M. Sproul (admitted *Pro Hac Vice*)<br>CA Bar No. 217711<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real, Suite 400<br>San Diego, CA 92130<br>Telephone: (858) 678-5070<br>Facsimile:  (858) 678-5099<br>sproul@fr.com<br><br>Benjamin C. Elacqua<br>TX Bar No. 24055443<br>Tony Nguyen<br>TX Bar No. 24083565<br>Kathryn Quisenberry<br>TX Bar No. 24105639<br>FISH & RICHARDSON P.C.<br>1221 McKinney Street, Suite 2800<br>Houston, TX 90067<br>Telephone:  (713) 654-5300<br>Facsimile:   (713) 652-0109<br>elacqua@fr.com<br>nguyen@fr.com<br>quisenberry@fr.com<br><br>Joy B. Kete (admitted *Pro Hac Vice*)<br>MA Bar No. 694323<br>FISH & RICHARDSON P.C.<br>One Marina Park<br>Boston, MA 02210<br>Telephone: (617) 542-5070<br>Facsimile:  (617) 542-8906<br>kete@fr.com<br><br>Betty H. Chen<br>TX Bar No. 24056720<br>FISH & RICHARDSON P.C.<br>500 Arguello St.<br>Redwood City, CA 94063<br>Telephone: (650) 839-5070<br>Facsimile:  (650) 839-5071<br>bchen@fr.com |

J. Stephen Ravel
TX Bar No. 16584975
Kelly Ransom
TX Bar No. 24109427
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, TX 78701
Telephone: (512) 495-6429
steve.ravel@kellyhart.com
kelly.ransom@kellyhart.com

*Attorneys for Apple Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| George C. Summerfield<br>James A. Shimota<br>K&L Gates LLP<br>70 W. Madison Street, Suite 3300<br>Chicago, IL 60602<br>DK.Kim@klgates.com<br>Summerfield@stadheimgrear.com<br>Jim.Shimota@klgates.com<br><br>Elizabeth Abbott Gilman<br>K & L Gates LLP<br>1000 Main, Suite 2550<br>Houston, TX 77002<br>Beth.Gilman@klgates.com | Stewart Mesher<br>K & L Gates LLP<br>2801 Via Fortuna, Suite 350<br>Austin, TX 77002<br>stewart.mesher@klgates.com<br>Attorneys for<br>CPC Patent Technologies Pty Ltd. |

                 */s/ Tony Nguyen*
                  Tony Nguyen